# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Samuel Maurice Dixon, Jr.,

        Petitioner,        Case No. 23-cv-11474

v.                              Judith E. Levy
                                United States District Judge

Willis Chapman,[1]

                              Mag. Judge Patricia T. Morris

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY, DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS, DENYING PETITIONER'S REQUEST [12], AND DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE FROM CUSTODY [13]

---

[1] Willis Chapman is no longer the Respondent. Petitioner is now incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (ECF No. 14.) Respondent requested that the Court update the case caption in its motion to dismiss, but Petitioner was subsequently transferred to a different facility. (ECF No. 9, PageID.30 (requesting that the case caption be changed to Sherman Campbell, the Warden of the Gus Harrison Correctional Facility).)

"The correct respondent in a federal habeas action is the person who holds the petitioner in custody." *Ryan v. Smith*, No. 14-11611, 2015 WL 575029, at *5 (E.D. Mich. Feb. 11, 2015) (citing 28 U.S.C. §§ 2242, 2243). The Warden of the Cotton Correctional Facility is the proper Respondent. However, substituting the Respondent would not affect the outcome of this case. Venue would not be affected because the Cotton Correctional Facility is in the Eastern District of Michigan, and the petition would still be denied on its merits. *See Khodr v. Adduci*, 697 F. Supp. 2d 774, 776–77 (E.D. Mich. 2010).

Samuel Maurice Dixon, Jr., a Michigan prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. In 2018, Petitioner pled guilty in the Oakland Circuit Court to assault with intent to commit murder, Mich. Comp. Laws § 750.83, and commission of a felony with a firearm. Mich. Comp. Laws § 750.227b. (ECF No. 1, PageID.1; ECF No. 10-1, PageID.51–52.) The trial court sentenced Petitioner to 7 to 20 years for the assault conviction and a consecutive 2 years for the firearm conviction. (ECF No. 10-1, PageID.52.)

Petitioner does not challenge the validity of his conviction or sentence. Instead, he claims that the Michigan Department of Corrections ("MDOC") imposed a 415-day penalty that will result in extending his imprisonment beyond the terms of his sentence. (ECF No. 1, PageID.5.)

**I.     Background**

The trial court docket indicates that on October 5, 2018, Petitioner pled guilty. (ECF No. 10-1, PageID.54.) On October 26, 2018, he was sentenced as set forth above and given 686 days of jail credit. (*Id.* at PageID.52.)

2

The petition for a writ of habeas corpus is dated June 15, 2023, and was docketed on June 21, 2023. (ECF No. 1, PageID.15.) Petitioner claims in full: "Time Review & Disposition accrued days exceed my sentence . . . . I received a Time Review & Disposition for a total of 415 Days accrued which I have lost, due for restoration." (ECF No. 1, PageID.5.) He states that he did not present this claim to the state courts because "[r]esources were not available in Michigan department of corrections." (*Id.*) He does not state the relief he seeks. (*Id.* at PageID.13.)

Respondent filed a motion to dismiss, asserting among other things that Petitioner does not raise a constitutional claim. (ECF No. 9.) Petitioner also filed a request for release from custody, which was dated January 9, 2024, and docketed on January 17, 2024. (ECF No. 12.) Finally, Petitioner filed a motion for immediate release from custody, which was dated February 9, 2024, and docketed on February 21, 2024. (ECF No. 13.)

3

## II. Analysis

### A. Petitioner's Disciplinary Time

Some background information regarding Michigan's sentencing, prison disciplinary, and parole schemes is necessary to understand Petitioner's claim.

In criminal sentencings, Michigan state courts set a minimum and maximum term of imprisonment. *See* Mich. Comp. Laws § 769.34. The minimum term determines the earliest date the Michigan Parole Board may release a prisoner on parole. *See* Mich. Comp. Laws § 791.233(1). The maximum term determines the latest date a prisoner may be held in custody.

The Michigan Legislature has enacted different statutory schemes relating prison discipline to prison sentences and parole eligibility. Earlier schemes allowed prisoners to use good time credits or disciplinary credits to shorten the minimum and maximum terms of a sentence and hasten parole eligibility. *See Hill v. Snyder*, 308 F. Supp. 3d 893, 906 (E.D. Mich. 2018), *aff'd*, 900 F.3d 260 (6th Cir. 2018).

The scheme applicable to a particular prisoner depends on the crime of conviction and the date of the offense. "Prior to 1978, prisoners

could apply good time credits to both their minimum and maximum terms; the law was amended in 1978 to provide that prisoners convicted of certain crimes, including first and second-degree murder, could only apply good time credits to their maximum terms. *Hill v. Snyder*, 308 F. Supp. 3d 893, 906 (E.D. Mich. 2018).

The current system directs the parole board to consider a prisoner's history of prison misconduct in determining whether and when a prisoner should be granted parole. *See In re Elias*, 294 Mich. App. 507, 515 (2011) (quoting Mich. Admin. Code r. 791.7716(3)). Now, a prisoner incarcerated for crimes committed after December 15, 2000, is unable to earn either "good time" or "disciplinary credits."[2] *See* Mich. Comp. Laws § 800.33(14). Instead, these prisoners are subject to "disciplinary time." *Id*.

Under this scheme, neither the minimum nor maximum terms are shortened for good conduct. On the contrary, each major misconduct contributes to accrued "disciplinary time." *See* Mich. Comp. Laws

---

[2] Good time credits were eliminated in 1987. *Hill v. Snyder*, 308 F. Supp. 3d 893, 906 (E.D. Mich. 2018). In 1998, the Michigan Legislature changed the law "to provide that prisoners who committed certain crimes, including first and second-degree murder, on or after December 15, 1998, or any other crime on or after December 15, 2000, are unable to earn disciplinary credits." *Id*. (citing Mich. Comp. Laws §§ 800.33(14) and 800.34(5)).

§ 800.34. The number of days range from 180 days for serious misconducts, such as possession of a weapon, to 7 days for less serious misconducts, such as gambling. *See* Mich. Admin. Code r. 791.5515. Accrued disciplinary time may be reduced if a prisoner demonstrates exemplary good conduct. *See* Mich. Comp. Laws § 800.34(4).

At least once a year, each prisoner subject to disciplinary time is issued a Time Review & Disposition Form that shows the date the prisoner will complete their minimum term and be eligible for parole, the maximum sentence date, and the total amount of accumulated disciplinary time. *See* MDOC Policy Directive 03.01.105, at 1, ¶ F. (*See also* ECF No. 1, PageID.5 ("Time Review & Disposition accrued days exceed my sentence.").)

Disciplinary time does not change when the parole board first considers the prisoner for parole. Rather, disciplinary time is used by the parole board as one factor when determining whether and when to grant the prisoner parole. *See* Mich. Comp. Laws § 800.34(2). It forms part of the "record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011).

6

Though Petitioner does not clearly explain the basis for his claim in his petition, it appears that he is challenging the imposition of 415 days of disciplinary time, which he claims is causing a delay in his release beyond his minimum term. (ECF No. 1, PageID.5.) A claim that he is being held beyond his maximum term would not be viable because he was sentenced to a maximum term of 22 years in 2018. (ECF No. 10-1, PageID.52.) And a claim that he lost 415 days of earned good time or disciplinary credits would not be viable because he is not eligible for good time or disciplinary credits. (ECF No. 1, PageID.1.) Petitioner was convicted in 2018 and good time credits were eliminated in 1987. *Hill*, 308 F. Supp. 3d at 906. Disciplinary credits do not apply to crimes committed on or after December 15, 2000, and the crimes that Petitioner was convicted of took place in 2016. (ECF No. 10-2, PageID.60–68; ECF No. 9, PageID.37.) Thus, the Court will construe his claim as challenging the imposition of 415 days of disciplinary time.

## B. Imposition of disciplinary time does not implicate federal constitutional rights

Petitioner does not demonstrate entitlement to habeas relief because the imposition of disciplinary time does not implicate his federal constitutional rights.

The Court may "entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claimed violations of state law, including claims that the state erred in the application of state laws regarding prison disciplinary credits, generally do not state a cognizable basis for granting federal habeas relief. *See McDonald v. McQuiggan*, No. 07-10915, 2009 WL 2351775, at *3 (E.D. Mich. July 29, 2009) (citing *Hack v. Elo*, 38 F. App'x 189, 194 (6th Cir. 2002)).

Persons subject to prison disciplinary actions are entitled to the procedural protections of the Due Process Clause only if they have a liberty interest at stake. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). And a prisoner has a liberty interest in state regulations related to

8

disciplinary actions only where they "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 483–87 (1995).

Petitioner has no liberty interest in being released early from his maximum sentence on parole. There is no constitutional right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so. *Id.* Thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in early release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The Sixth Circuit has held that "the broad powers of the Michigan authorities to deny parole" do not create a liberty interest in parole for Michigan prisoners. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc).

It follows that Petitioner has no recognized liberty interest in the imposition of disciplinary time because disciplinary time is only one of many factors the parole board uses to determine whether or when Petitioner will be granted early release. *See Taylor*, 418 F. App'x at 412 ("'Disciplinary time' . . . is simply a record that will be presented to the parole board to aid in its determination. We therefore find that it is not

9

something that affects the length of [Petitioner's] sentence or his eligibility for parole."); *accord Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (recommending that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *report and recommendation adopted*, No. 09-13030, 2011 WL 17591 (E.D. Mich. Jan. 4, 2011).

Because Petitioner does not have a liberty interest in the disciplinary and parole eligibility scheme at issue here, his claim does not state a cognizable basis for granting habeas relief. Accordingly, the petition for writ of habeas corpus is denied.

### III. Certificate of Appealability

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), a habeas petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). The Court finds that reasonable jurists would not debate the resolution of Petitioner's claim. The Court will therefore deny a certificate of appealability.

Finally, because an appeal cannot be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Petitioner decide to appeal this decision. 28 U.S.C. § 1915(a)(3).

### IV. Petitioner's request and motion for immediate release from custody

In Petitioner's request, he claims that Respondents failed to respond to his petition by the deadline. (ECF No. 12, PageID.82.) In his motion for immediate release from custody, Petitioner claims that "Respondent missed their deadline to respond to [his] habeas corpus petition," that "Fed. R. App. P. 23(c) provides that: while a decision ordering the release of a prisoner is under review, the prisoner must . . . be released on personal recognizance, with or without surety," and that, as a result, the Court should order his immediate release "while this

11

Court's decision is under review in the Sixth Circuit Court of Appeals." (ECF No. 13, PageID.84–85.)

A response to the petition for a writ of habeas corpus was due by January 2, 2024. (ECF No. 6.) Respondent's motion to dismiss was filed on the docket on December 28, 2023. (ECF No. 9.) In the motion to dismiss, Respondent included a Certificate of Service "certify[ing] that Kari Edgecomb has mailed by United States Postal Service the papers to [Petitioner]." (*Id.* at PageID.46.) Because Respondent's motion to dismiss was filed on the docket prior to the deadline, the Court finds that the motion to dismiss was timely. Further, Federal Rule of Appellate Procedure 23(c) is not applicable here because no decision ordering Petitioner's release has been issued, and this case is not currently under review at the United States Court of Appeals for the Sixth Circuit. Accordingly, Petitioner's motion and request must be denied.

## V. Conclusion

For the reasons set forth, the petition for a writ of habeas corpus (ECF No. 1) is DENIED and Respondent's motion to dismiss (ECF No. 9) is GRANTED. The Court also DENIES a certificate of appealability and permission to proceed on appeal in forma pauperis.

Finally, Petitioner's request and motion for immediate release from custody (ECF Nos. 12, 13) are DENIED.

**IT IS SO ORDERED.**

Dated: July 23, 2024  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2024.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager